IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALBERT MCGEE, #10330**                                                                              **PETITIONER**

**VERSUS**                                                                                    **NO. 1:08cv197-HSO-JMR**

**RON KING**                                                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Respondent's Motion [6-1] to Dismiss Pursuant to § 2244(d).  To date, the Petitioner has failed to respond to Respondent's Motion [6-1], which was filed on June 17, 2008.  Having considered the Respondent's Motion [6-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [6-1] is well-taken and should be granted.  Accordingly, McGee's petition in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

On August 2, 1990, Albert McGee was convicted of capital murder in the Circuit Court of Jackson County, Mississippi, and sentenced to a term of life imprisonment in the custody of the Mississippi Department of Corrections.[1]  *See* Exhibit "A" attached to Respondent's Motion to Dismiss. McGee appealed his conviction to the Mississippi Supreme Court, which affirmed the trial court's decision. *McGee v. State*, 599 So.2d 971 (Miss. 1992), *reh'g. denied* July 1, 1992 (Cause No. 990-KA-o988);  *see* Exhibit "C" attached to Respondent's Motion to Dismiss.  McGee filed a

---

[1] On October 15, 1990, McGee pleaded guilty to possession of a controlled substance and was sentenced to two (2) years in the custody of the Mississippi Department of Corrections with that sentence to run concurrently with his life sentence. *See* Exhibit "B" attached to Respondent's Motion to Dismiss.  McGee's petition challenges only his murder conviction.

Petition for Post Conviction Relief on July 13, 1994.  *See* Exhibit "D" attached to Respondent's Motion to Dismiss. The Mississippi Supreme Court denied McGee's petition on April 11, 1995. *See* Exhibit "E" attached to Respondent's Motion to Dismiss.  McGee's instant petition was signed on May 8, 2008, and filed on May 19, 2008.

## ANALYSIS

The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal *habeas* petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2); *see, e.g. Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998). However, the AEDPA's one-year time limit does not begin to run against a prisoner convicted prior to the statute's date of enactment, April 24, 1996.  Rather, federal *habeas* petitioners, such as McGee, whose conviction became final prior to the enactment date are entitled to a one-year grace period until April 24, 1997, to file for *habeas* relief. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  Thus, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's limitation  period.

McGee did not seek a writ of certiorari to the United States Supreme Court.  As such, McGee's conviction became final on September 29, 1992 - ninety (90) days after McGee's direct appeal ended. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (stating that "a state prisoner's conviction becomes final for purposes of §2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired).  However, since  McGee' conviction became final prior to the enactment of the AEDPA, the limitation period

did not begin to run until April 24, 1996. Therefore, unless McGee properly filed a petition for post conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) between April 24, 1996, and April 24, 1997, to toll the limitations period, McGee's instant *habeas* petition would be filed to late. *See Grillette*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The record indicates that McGee filed a petition for post-conviction relief on July 13, 1994, which was rejected by the Mississippi Supreme Court on April 11, 1995. However, because the petition was denied prior to the enactment of the AEDPA on April 24, 1996, McGee is not entitled to statutory tolling during its pendency. *See Duamutef v. Mazzuca*, 2002 WL 413812 at *7 (S.D.N.Y. 2002); *Coleman v. Miller*, 2000 WL 1843288 at *6 (E.D.N.Y. 2000).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest McGee "filed" his petition was on May 8, 2008, the date it was signed. This date is 4,032 days, or over eleven (11) years past the April 24, 1997 deadline for filing his federal *habeas* petition. McGee's failure to file his petition within the statutory deadline warrants dismissal of his petition. Additionally, McGee fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, McGee has failed to respond to the Respondent's Motion [6-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Therefore, McGee's Petition is time-barred by § 2244(d).

Although McGee's petition for a writ of *habeas corpus* was untimely filed, the Court, out of an abundance of caution, will address the merits of McGee's claims.  In his petition, McGee alleges that  the prosecution improperly excluded African-Americans from serving on the jury, and that the evidence was insufficient to establish his guilt beyond a reasonable doubt.  However, upon review of the record, the Court finds that McGee did not raise these issues before the Mississippi Supreme Court in his petition for post-conviction relief, and has thereby failed to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  "Before a federal court can find merit in alleged errors by state courts, a petitioner must have first provided the state's highest court with a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual allegations." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (footnote omitted).  Essentially, in order for a claim to be exhausted, the state court must have been presented with the same facts and legal theories  upon which the petitioner bases his current assertions. *Id.* at 642.

McGee's Application for Leave to Proceed in the Trial Court for Relief Pursuant to Mississippi Post Conviction Relief Act was denied by the Mississippi Supreme Court on April 17, 1995.  The court found that McGee failed to present a substantial showing of the denial of a state or federal right. The court specifically found that McGee failed to make a showing that he was denied effective assistance of counsel.[2]  *See* Exhibit "E" attached to Respondent's Motion to Dismiss. The court made no mention of McGee's present claims. Based upon the documents of record, the Court finds that McGee did not present the present claims before the Mississippi Supreme Court, and thus, he did not exhaust his claims within the meaning of § 2254(b)(1)(A).  McGee's current assignments of error are not properly before the Court and must be dismissed.

---

[2] In the instant petition, McGee did not raise a claim of ineffective assistance of counsel.

**CONCLUSION**

By operation of the AEDPA, McGee's conviction became final on April 24, 1996. Thereafter, McGee had one year or until April 24, 1997, to file a federal petition for a writ of *habeas corpus*. At the earliest, McGee filed his federal *habeas* petition on May 8, 2008, some 4,032 days past the April 24, 1997 deadline. To date, McGee has failed to respond to the Respondents' Motion [6-1] to Dismiss. Thus, this Court finds that McGee is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that McGee's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, for failure to satisfy the exhaustion requirement of 28 U.S.C. 2254(b)(1)(A).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   20th   day of August, 2008.

                                                      s/ John M. Roper, Sr.

                                             CHIEF UNITED STATES MAGISTRATE JUDGE